IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BOBBY DALE AYERS                                                                                  PLAINTIFF

vs.                                           Civil No. 4:10-cv-04086

MICHAEL J. ASTRUE                                                                              DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Bobby Dale Ayers ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 3.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed this disability application on August 19, 2008. (Tr. 76-80). In his application, Plaintiff alleged he was disabled due to the following:

> [B]ack injury, herniated disc at L5-S1, degenerative disc disease, back surgery at L5-S1, pain radiating down right leg, neck pain, pain radiating down right arm, left knee condition, depression, headaches I have been off work since 7/07, and was recently terminated. I had a herniated disc at L5-S1 that required surgery. I have not been able

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____." The transcript pages for this case are referenced by the designation "Tr."

>to work due to back pain, pain radiating down my right leg and arm, neck and shoulder. I have frequent headaches as well. My doctor has explained that I have a bulging disc at T7-T9. There is possibly a herniated disc at C5-C6. I am not able to bend, sit for prolonged periods, stand for prolonged periods, lift, or carry any heavy objects. Back leg neck head foot and arm pain.

(Tr. 102). Plaintiff alleged an onset date of July 30, 2007. (Tr. 98). This application was denied initially and again on reconsideration. (Tr. 41-42).

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 51-75). An administrative hearing was held on June 25, 2009 in Texarkana, Arkansas. (Tr. 21-40). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") David Elmore testified at this hearing. *Id.* On the date of this hearing, Plaintiff was thirty-one (31) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had obtained his high school diploma and completed some training as a driver while in the Marine Corps. (Tr. 24-25).

On September 14, 2009, the ALJ entered an unfavorable decision denying Plaintiff's disability application. (Tr. 5-14). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2013. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date of July 30, 2007. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments:

>The medical evidence establishes that the claimant has herniated nucleus pulposus (post-operative) and history of remote fracture of femur and tibia (post-operative) with residuals of chronic pain symptomatology (Exhibits 1F-17F).

(Tr. 13, Finding 3). The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4 ("Listings"). *Id.*

2

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 13, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform work-related activities except for work involving lifting more than 10 pounds. (Tr. 13, Finding 5). The ALJ also determined Plaintiff was limited to sedentary work and could only occasionally lift or carry articles like "docket files, ledgers, and small tools." (Tr. 13, Finding 7).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"), and the VE testified at the administrative hearing regarding this issue. (Tr. 12, 39-40). Based upon that testimony, the ALJ determined Plaintiff's PRW included work as a road equipment operator (medium, skilled), welder (heavy, skilled), and paper operator (heavy, unskilled). (Tr. 13, Finding 6; 30-40). After reviewing Plaintiff's RFC, the ALJ determined Plaintiff would be unable to perform any of this PRW. (Tr. 13, Finding 6).

The ALJ then determined whether Plaintiff would be able to perform other work existing in significant numbers in the national economy, considering his age, education, and work experience. (Tr. 14, Finding 11). In order to make that determination, the ALJ relied upon the Medical-Vocational Guidelines ("Grids"). (Tr. 14, Finding 11). Specifically, the ALJ applied Rule 201.28 of the Grids which directed a conclusion of "not disabled." (Tr. 14, Finding 11). Based upon this finding, the ALJ then determined Plaintiff had not been disabled within the meaning of the Act at any time from his alleged onset date of July 30, 2007 through the date of his decision or through September 14, 2009. (Tr. 14, Finding 12).

Thereafter, on November 9, 2009, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 1). *See* 20 C.F.R. § 404.968. On September 14, 2009, the Appeals Council declined to review the ALJ's unfavorable disability determination. (Tr. 2-4). On June 18, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on July 1, 2010. ECF No. 3. Both Parties have filed appeal briefs. ECF Nos. 14-15. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160

F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff argues his case must be reversed and remanded and raises the following four points on appeal: (A) the ALJ erred by finding his impairments did not meet the requirements of any of the Listings; (B) the ALJ improperly evaluated his RFC; (C) the ALJ

improperly evaluated his subjective complaints; and (D) the ALJ erred by relying upon the Grids. ECF No. 14 at 9-20. In response, Defendant argues that the ALJ's disability determination is supported by substantial evidence in the record, and Plaintiff's claims offer no basis for reversal. This Court will address all four of Plaintiff's arguments for reversal.

### A.    Evaluation of the Listings

Plaintiff claims the ALJ erred by finding his joint pains did not satisfy the requirements of Listings 1.02, 1.04(A), and 1.05. ECF No. 14 at 9-20. In making this argument, however, Plaintiff only makes the broad claim that he meets the requirements of these listings and has not referenced any specific medical evidence supporting his claim that his impairments meet or equal the requirements of any one of these listings. *Id.* Plaintiff has the burden of establishing his impairments meet or equal the requirements of one of these listings. *See Carlson v. Astrue,* 604 F.3d 589, 593 (8th Cir. 2010) (citation omitted). Because Plaintiff has clearly not met this burden, this Court will not address Plaintiff's claim regarding the listings any further.[2] *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" the claimant's "conclusory assertion that the ALJ failed to consider" whether his impairments met the requirements of the listings because the claimant provided "no analysis of the relevant law or facts" regarding those listings).

### B.    RFC Determination

Plaintiff makes several claims regarding the ALJ's RFC determination. ECF No. 14. First, Plaintiff claims the ALJ's RFC determination is not supported by substantial evidence because the ALJ did not specify the "detailed basis for the residual functional capacity." ECF No. 14 at 11. However, in his opinion, the ALJ thoroughly evaluated the record and Plaintiff's treatment history

---

[2] Indeed, Listing 1.05 relates to "Amputation (due to any cause)," and there is absolutely no evidence in the record supporting a finding that Plaintiff suffers from such an impairment.

in assessing his RFC. (Tr. 6-13). Plaintiff has not argued *which part* of this analysis might have been flawed, and based upon this Court's review, it appears that the ALJ properly provided a detailed basis for his RFC determination. Thus, Plaintiff's first argument regarding the ALJ's RFC determination is without merit.

Second, Plaintiff claims the ALJ improperly found he had no limitation in his ability to stand or walk. ECF No. 14 at 12. The ALJ, however, found Plaintiff was limited to *sedentary* work. (Tr. 12). Specifically, the ALJ stated the following: "Mr. Ayers does retain the residual functional capacity for sedentary work activity that involves lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." *Id.* "Sedentary work" is defined as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. *Jobs are sedentary if walking and standing are required occasionally* and other sedentary criteria are met.

20 C.F.R. § 404.1567(a) (emphasis added). Based upon this finding, the ALJ clearly found Plaintiff was limited to occasional standing and walking, and Plaintiff's claim that the ALJ found he had no limitation in his ability to stand or walk is meritless.

Third, Plaintiff claims the ALJ improperly disregarded the opinions of the physicians at the Veteran's Administration ("VA"). ECF No. 14 at 17. Plaintiff claims, "[t]he VAMC physicians have opined Plaintiff's injuries were too significant for him to be able to ambulate and be part of the workforce." *Id.* Plaintiff has not stated, however, where in the transcript such an opinion may be found. *Id.* Based upon Plaintiff's testimony, it does appears the VA has found Plaintiff to be 100% unemployable. (Tr. 34). However, as noted in the ALJ's opinion, such a determination by the VA

is not binding on the SSA. (Tr. 11-12).

Further, this determination by the VA that Plaintiff is 100% unemployable is inconsistent with Plaintiff's other medical records. Notably, on October 9, 2007, neurosurgeon Dr. Steven L. Cathey, M.D. recognized Plaintiff had injured his back at work but found he did not think Plaintiff had "sustained any longterm impairment" as a result of that injury. (Tr. 212). Dr. Cathey also found that after November 5, 2007, Plaintiff could "either return to work at regular duty or find something else to do." *Id.* Thus, this Court finds the ALJ did not err when he declined to adopt the findings of the VA.

### C.     Credibility Determination

Plaintiff claims the ALJ improperly evaluated his subjective complaints of disabling pain. ECF No. 14 at 13-14. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v.*

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with the requirements of *Polaski*. After stating he evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski*, the ALJ then made the following findings: (1) Plaintiff's allegedly limited daily activities appeared to "be limited more on a self-imposed voluntary basis than as a result of any functional restrictions due to his impairments"; (2) Plaintiff did not have a history of seeking "aggressive medical treatment" or "surgical intervention" for his allegedly disabling pain, which indicates his pain may not be as severe as he has alleged; and (3) Plaintiff's treating physicians did not place the level of limitation upon him that he has alleged. (Tr. 6-13). As a part of this analysis, the ALJ also noted that Plaintiff's medical records did not support his allegedly disabling level of pain. *Id.* Accordingly, because the ALJ's

credibility determination was supported by "good reasons," it should be affirmed. *See Gregg v. Barnhart,* 354 F.3d 710, 714 (8th Cir. 2003) (holding that "[i]f an ALJ explicitly discredits the claimant's testimony and gives good reasons for doing so, we will normally defer to the ALJ's credibility determination") (citation omitted).

### D. Step Five Determination

Plaintiff claims the ALJ improperly relied upon the Grids in his Step Five determination. ECF No. 14 at 12-13. Specifically, Plaintiff claims he has nonexertional limitations, including pain, which preclude him from performing the full-range of sedentary work. *Id.* Thus, because of these nonexertional limitations, Plaintiff claims the ALJ should have relied upon testimony from a vocational expert instead of relying upon the Grids. *Id.*

Generally, where the claimant suffers from a nonexertional impairment such as pain, the ALJ must obtain the opinion of a vocational expert instead of relying upon the Grids. *See Ellis v. Barnhart,* 392 F.3d 988, 996 (8th Cir. 2005). However, nonexertional impairments that "do[] not diminish or significantly limit the claimant's residual functional capacity to perform the full range of Guideline-listed activities" do not prevent the use of the Grids. *Id.* (citation omitted). In the present action, as outlined above, because the ALJ properly found Plaintiff's subjective complaints of pain were not credible and properly found his pain did not diminish his ability to perform the full range of sedentary work, the ALJ properly relied on the Grids, and there was no need to use the testimony of a vocational expert. *Id.*

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating

these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 18th day of July, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE